O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| SUZANNE J. HERES, | ) | Case No. CV 06-00873-MMM (MLG) |
| | ) | |
| Plaintiff, | ) | REPORT AND RECOMMENDATION OF |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the | ) | |
| Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This Report and Recommendation is submitted to the Honorable Margaret M. Morrow, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 01-13 of the United States District Court for the Central District of California.

Plaintiff Suzanne J. Heres ("Plaintiff") seeks review of the Commissioner's denial of her application for Disability Insurance Benefits ("DIB"). For the reasons stated below, it is recommended that Plaintiff's request for an order remanding the case for further proceedings be granted, and the Commissioner's request for an order affirming her final decision be denied.

## I. BACKGROUND

Plaintiff was born on May 13, 1958. (Administrative Record ("AR") at 17). She has a college education and work experience as a financial aid counselor. (AR at 17).

Plaintiff protectively filed an application for DIB on May 17, 2001. (AR at 16, 83-85). Plaintiff claimed that she had been disabled since April 10, 2000, due to a broken neck, fractured sternum, pain on the left side of her body, brain injury, headaches, left shoulder injury, stretch injury, and depression. (AR at 17, 102). Plaintiff's application was denied at the administrative level. (AR at 32-35).

Plaintiff requested a hearing, which was held on November 19, 2003, and continued to May 25, 2004, before Administrative Law Judge Edward D. Steinman ("ALJ"). (AR at 753-818). Plaintiff, who was represented by counsel, testified at the hearing. (AR at 760-78, 780-83). A vocational expert and medical expert also testified. (AR at 789-817). The ALJ issued a decision on September 23, 2004, in which he found that Plaintiff: has not performed substantial gainful activity since her alleged onset date; suffers from medically determinable impairments which are "severe," including chronic pain syndrome, status post cervical fusion (1994), history of a traumatic head injury with minimal residual deficit cognitively, history of seizures, status post concussion (March 2003), and depressive disorder; does not have an impairment or combination of impairments that meet or equal any impairments in the Listing of Impairments ("Listings"); and has the residual functional capacity to perform light work involving simple repetitive tasks in a nonpublic work environment, but that Plaintiff must avoid work involving strong or repetitive grasping with the left upper extremity, hazards and vibratory tools, complex, detailed tasks,

and more than limited contact with coworkers. (AR at 28-29). The ALJ found that although Plaintiff is unable to perform her past relevant work, she is able to perform a significant number of jobs that exist in the national economy, including work as a janitor, assembler, and hand packager. (AR at 29). Accordingly, the ALJ determined that Plaintiff was not under a disability and denied Plaintiff's applications for benefits. (AR at 29).

The Appeals Council denied Plaintiff's request for review on October 21, 2005, and the ALJ's decision became the final decision of the Commissioner. (AR at 3-5)

Plaintiff filed the present Complaint on February 15, 2006. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation and request for an order summarily deciding issues concerning remand. Plaintiff asserts that the ALJ erred by: (1) failing to set forth adequate reasons for rejecting the opinions of Plaintiff's treating physicians; and (2) failing to adequately evaluate Plaintiff's subjective symptom testimony. The Commissioner requests that the Decision be affirmed. The Joint Stipulation has been taken under submission without oral argument.

**II.  STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might

accept as adequate to support a conclusion.  *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996).  It is more than a scintilla, but less than a preponderance.  *Reddick*, 157 F.3d at 720.  To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  *Id.*  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner.  *Id.* at 720-721.

**III.  DISCUSSION**

    **A.  Plaintiff's Subjective Symptom Testimony**

At the administrative hearing, Plaintiff testified that she suffers from constant pain on the left side of her body, drowsiness, difficulty concentrating, constipation, constant headaches, a sore back, pain in her chest, a stretch injury to her left shoulder, pain in her left elbow that radiates to her fingers, and difficulty gripping with her left hand.  (AR at 767-78, 774-6).  Plaintiff also reported that she is only able to lift 10 pounds, sit for 15 to 30 minutes, stand for 15 to 20 minutes, and walk two blocks.  (AR at 777-78).  The ALJ discounted Plaintiff's credibility even though the ALJ accepted objective medical evidence that Plaintiff suffers from chronic pain syndrome and depressive disorder, has a history of traumatic head injury and seizures, and is status post cervical fusion and status post concussion.  (AR at 17, 25-26).  The ALJ gave the following reasons to support his credibility determination:  (1) the medical expert reported that Plaintiff's 1994 cervical fusion was a success; (2) Plaintiff's mood and

depression improved with pain management therapy; (3) Plaintiff's treating doctor, Johanna L. Rosenthal, M.D., reported that until March 2003, Plaintiff was able to perform daily activities including shopping, carpooling, and caring for her house and children; (4) Plaintiff has minimal weakness in her left arm and left leg; (5) Plaintiff has had only two seizures since 1994; (6) Plaintiff's headaches occur only with her menstrual cycle; (7) Plaintiff's condition was "rather stable except for chronic pain issues" during her March 2003 hospitalization; (8) Plaintiff's examining and treating physicians have characterized Plaintiff's cognitive deficits as mild; and (9) there is evidence that Plaintiff exaggerated the severity of her symptoms. (AR at 25-26). A review of the record reveals that the ALJ's evaluation of Plaintiff's credibility is not supported by substantial evidence. *See Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)(requiring that the ALJ provide specific, clear and convincing reasons for rejecting the credibility of a claimant's testimony as to her pain or limitations).

   The first, second, fourth, fifth, sixth, seventh, and eighth reasons cited by the ALJ imply use of an incorrect legal standard, namely that Plaintiff is required to present objective evidence of the severity of her subjective symptoms. A claimant who is alleging pain and other subjective symptoms is not required to produce objective medical evidence of the existence of the symptom or its severity, or of the causal relationship between the impairment and the symptom; nor is the claimant required to show that the impairment could reasonably be expected to cause the severity of the symptom alleged. *Smolen*, 80 F.3d at 1288. Rather, the claimant is only required to show that the impairment could reasonably have caused some degree of the symptom. *Id*. In this case, Plaintiff has met this burden. (AR at 17, 25-26).

In his third reason, the ALJ found that Plaintiff's ability to perform daily activities were inconsistent with her assertion that she was unable to work. (AR at 26). Specifically, the ALJ found that Plaintiff had been able to go shopping, participate in carpools, and care for her house and her children prior to her March 2003 seizure and concussion. (AR at 25, 749). Such limited activities, however, do not necessarily establish that Plaintiff has the ability to perform and complete tasks consistently, as required for employment. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990)(daily activities may not be relied upon to support an adverse credibility determination unless the ALJ makes an explicit finding to the effect that the claimant's ability to perform those activities translated into the ability to perform appropriate work activities on an ongoing and daily basis); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)("Many home activities are not easily transferable to . . . the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). In addition, Plaintiff's reported daily activities are consistent with her earlier complaints of pain and fatigue and thus, do not undermine her credibility. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)("[o]nly if the level of activity [is] inconsistent with Claimant's claimed limitation would these activities have any bearing on Claimant's credibility"). In a November 2001 daily activities questionnaire, Plaintiff acknowledged that she was sometimes able to take her children to and from school, wash dishes, cook dinner, and help her children with homework, but these activities were sporadic and punctuated with rest. (AR at 116-21). Further, Plaintiff's treating doctor reported that Plaintiff never fully recovered from her March 2003 head injuries, and as a result, requires

assistance from her husband with her activities. (AR at 749).

The ALJ's finding that Plaintiff exaggerated the severity of her symptoms (ninth reason) is also not supported by the record. (AR at 26). While the reports describe a patient who "displayed narcissistic personality disorder," was "preoccupied with her pain syndrome," gave "questionable effort" on her left arm motor examination, and displayed "excessive pain behavior in the sense of avoidance and withdrawal," none of Plaintiff's physicians found that Plaintiff had been exaggerating or malingering. (*See* AR at 26, 274, 397-98, 692). In fact, when asked whether Plaintiff had been malingering or exaggerating her symptoms, the medical expert responded that Plaintiff's perception of pain and need for substantial amounts of pain medication (*i.e.*, Contin, Tylenol with codeine, and Advil) may actually be attributable to a psychiatric condition. (AR at 800-01).

Plaintiff asserts that her improperly rejected testimony should be credited as true and her case should be remanded solely for an award of benefits. (Joint Stipulation at 17-18). The Ninth Circuit, however, has recognized that the "crediting as true" doctrine is not mandatory. *See, e.g., Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)(remanding for reconsideration of claimant's pain testimony); *see also Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(remanding for reconsideration where, inter alia, ALJ "failed to provide adequate reasons for rejecting the opinion of the treating physicians" and "did not properly reject [the claimant's] subjective complaints"). Moreover, issues remain as to whether Plaintiff would be able to perform other work that exists in significant numbers in the economy. *See Bunnell*, 336 F.3d at 1115-16 (where there are outstanding issues that must be resolved before a determination of disability can be

made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate).[1]

## V.   RECOMMENDATION

For the reasons discussed above, it is recommended that Plaintiff's request for an order remanding this case for further proceedings consistent with the foregoing findings be GRANTED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action be DENIED.

Dated: November 27, 2006

_____
Marc L. Goldman
United States Magistrate Judge

---

[1] Because the ALJ's consideration of Plaintiff's subjective symptom testimony is not supported by substantial evidence, and the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issue raised by Plaintiff would independently require reversal. *See Bunnell*, 336 F.3d at 1115-16 (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). However, the Court recommends that the Commissioner consider all of Plaintiff's arguments when determining the merits of her case on remand.